UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BERGEN BEVERAGE DISTRIBUTORS LLC**, *et al.*, | Civ. No. 2:17-cv-04735 (WJM) |
| Plaintiffs, | OPINION |
| v. | |
| **EASTERN DISTRIBUTORS I, INC.**, *et al.*, | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Eastern Distributors sold Plaintiffs the rights to distribute certain Coca-Cola products in parts of northern New Jersey. Plaintiffs' amended complaint brings claims against Coca-Cola and co-Defendants for fraud, negligence, and conspiracy. Coca-Cola now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). For reasons that follow, the motion to dismiss is **GRANTED** and the amended complaint is **DISMISSED** without prejudice.

I. BACKGROUND

The following facts are drawn from the amended complaint. Cert. Daniel S. Einhorn, Ex A. Defendant Eastern Distributors is a re-seller of exclusive routes (or "distributorships") for certain Coca-Cola products in the tristate region. FAC ¶ 11. Plaintiffs Bergen Beverage and Yojo Corp. (collectively, "Plaintiffs") are New Jersey companies that purchased from Eastern Distributors the exclusive rights to distribute Coca-Cola products in parts of northern New Jersey. *Id.* at ¶ 14.[1]

Bergan Beverage entered into its Independent Operator Distributor Agreement with Eastern on July 8, 2015, for the purpose of "marketing and sale of certain chilled juice, juice drink and milk beverages of The Coca-Cola [Company] and Odwalla, Inc." *Id.* at ¶¶ 20, 22. Yojo signed a similar agreement with Eastern on August 6, 2015. Both contracts specify a term of 10 years. *Id.* at ¶ 21. The agreements warrant that Eastern has obtained

---

[1] The contracts between Plaintiffs and Eastern were brokered by Defendant Route Broker. *Id.* at ¶ 17.

the rights from Coca-Cola to resell exclusive distribution rights throughout the tristate area. *Id.* at ¶ 23. The contracts provide for "Volume-Based Incentives," which "would provide substantial savings to Plaintiffs and would result in the distributorships being financially successful for Plaintiffs." *Id.* at ¶ 25. According to Plaintiffs, these performance incentives proved illusory, because—as Defendants knew at the time of the contract—"it would be impossible for the Plaintiffs to meet the 'volume targets'" given the lack of demand for Coca-Cola products on the routes they purchased. *Id.* at ¶ 49. "For example, one of the programs provided that if plaintiff brought 300 cases of Simply Juice in one week that they would get an additional 60 cases at no costs, but in reality the plaintiff sold at most 38 cases a week during the promotion." *Id.* at ¶ 55.

Plaintiffs claim that Coca-Cola promised the assistance of sales professionals, but that the sales team did not work the hours or provide the promotional services owed to Plaintiffs. *Id.* at ¶ 56. According to the amended complaint, after Bergan Beverage entered into its contract with Eastern, a manager from Coca-Cola advised Bergan Beverage that "there were not enough customers on the route, that this route was too spread out geographically . . . [and] could not work financially." *Id.* at ¶ 57. Plaintiffs also assert four contract claims against Eastern Distribution, but those counts beyond the purview of this motion.

Plaintiffs Yojo and Bergan Beverage each stopped doing business in the distribution routes because of their inability to turn a profit. *Id.* at ¶¶ 68, 72. Plaintiffs filed this lawsuit against Defendants on June 27, 2017. ECF No. 1. The amended complaint asserts against all Defendants conspiracy (Count 5), fraud and negligent representation (Count 6), and negligence (Count 7). Coca-Cola moves to dismiss all three claims against it. Plaintiffs filed their opposition along with a cross-motion to amend, to which they attached the amended complaint. On November 22, 2017, the parties stipulated that the cross-motion to amend be granted as unopposed, and that the pending motion to dismiss be decided as to the amended complaint without further briefing. ECF No. 37.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

### III. DISCUSSION

The parties dispute which state's law applies to Plaintiffs' tort claims. A federal court sitting in diversity jurisdiction must apply the forum state's choice-of-law rules. *Curtiss-Wright Corp. v. Rodney Hunt Co., Inc.*, 1 F.Supp.3d 277, 283 (D.N.J. 2014). The contracts between Plaintiffs and Defendant Eastern Distributors specify New York as the choice of law,[2] but that provision does not govern tort claims against Coca-Cola, which did not contract directly with Plaintiffs. The Court need not conduct an extended choice-of-law analysis in this case because the relevant areas of New York and New Jersey law do not conflict. Accordingly, the Court will apply the law of New Jersey, the forum state. *Id.*; *Rowe v. Hoffman-La Roche*, 917 A.2d 767, 771 (N.J. 2007).

#### A. Civil Conspiracy (Count 5)

Count 5 of the amended complaint adds a claim for civil conspiracy against Eastern and Coca-Cola. Plaintiff claims that "Eastern and Coca-Cola both agreed to and engage in [sic] the conspiracy to fraudulent [sic] induce Plaintiffs, with knowledge that the oral representations made to Plaintiffs were false and with the intent that Plaintiffs rely on the false representations to Plaintiffs [sic] detriment." Am. Compl. p. 17. Coca-Cola argues that Count 5 fails to satisfy the requirement of Rule 9(b) that all claims based on fraud be plead with particularity. *See In re. Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 347-48 (3d Cir. 2010). The Court agrees. "Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citations omitted). This heightened pleading standard applies to claims of conspiracy to defraud. *In Re. Ins. Brokerage Antitrust Litig.*, 618 F.3d at 347-48. The amended complaint fails to cite any facts supporting an inference that Coca-Cola and Eastern formed an illicit agreement. Coca-Cola's request for leave to file its contract with Eastern under seal was not evidence of a conspiracy. Thus, "without some further factual enhancement [the amended complaint] stops short of the line between possibility and plausibility of entitle[ment] to relief." *Twombly*, 550 U.S. at 557.

---

[2] The Court is satisfied that the amount in controversy exceeds $75,000 and that the parties are diverse. *See* 28 U.S.C. § 1332.

### B. Fraud and Negligent Misrepresentation (Count 6)

The elements of fraud under New Jersey's common law are "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997). The separate tort of negligent misrepresentation "requires proof that an 'incorrect statement was negligently made and justifiably relied upon' and that the injury was sustained as a consequence of that reliance." *Carroll v. Cellco Partnership*, 713 A.2d 509, 516-517 (N.J. Sup. Ct. 1998) (citations omitted).

Plaintiffs' fraud and negligent misrepresentation claims fail to meet the particularity requirements of Rule 9(b).[3] Counts 6 and 7 often refer to "Defendants" in the collective rather than to Coca-Cola specifically. The amended complaint alleges that "Plaintiffs were promised by Coca-Cola that they would provide a professional sales team to assist with getting accounts in their territories" but that Coca-Cola provided little actual assistance and did not work the number of hours promised. FAC ¶ 56. Plaintiffs do not indicate who actually made the statements to whom or when they were made, nor do they indicate how many hours were promised and how many were actually worked. At least some of this basic information should be accessible without the benefit of discovery.

The most concrete or particularized allegation is that a Coca-Cola manager advised Plaintiff George Lawler—truthfully—that there were not enough customers along Mr. Lawler's distribution route to make the route financially viable. *See* FAC ¶ 57. Because Plaintiffs do not dispute the veracity of the manager's statement, however, the statement cannot give rise to claims for fraud or negligent misrepresentation.

### C. Negligence and Breach of Duty (Count 7)

Negligence requires proof of "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015). The amended complaint states that Coca-Cola "owed a legal duty to Plaintiffs by the nature of their far superior position and knowledge, and Plaintiffs [sic] reliance on the representations and actions of Coca-Cola." *See* FAC, p. 21. As discussed above, Plaintiffs fail to specify what Coca-Cola represented to Plaintiffs, let alone which of Coca-Cola's representations induced Plaintiffs' reliance. The Court is unwilling to find that Coca-Cola's superior knowledge alone creates a general duty to prevent sub-distributors from engaging in losing business transactions with a company (Eastern Distributors) that purchased regional distribution rights from Coca-Cola. Unable to establish that a duty existed, Plaintiffs' amended complaint fails to state a claim of negligence against Coca-Cola.

---

[3] To the extent that claims for negligent misrepresentation fall outside the purview of Rule 9(b), the amended complaint fails to satisfy the "lesser degree of specificity" required by regular pleading standards. *See Schmidt v. Ford Motor Co.*, 972 F.Supp.2d 712, 720 n. 3 (E.D. Pa. 2013).

## IV. CONCLUSION

For the forgoing reasons, the motion to dismiss is **GRANTED**, and Counts 5, 6, and 7 are **DISMISSED** without prejudice.

                                      /s/ William J. Martini  
                              **WILLIAM J. MARTINI, U.S.D.J.**

**November 28, 2017**