**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BERGEN BEVERAGE DISTRIBUTORS LCC, et al**<br><br>Plaintiffs,<br><br>v.<br><br>**EASTERN DISTRIBUTORS, INC., et al,**<br><br>Defendants. | Civ. No. 2:17-cv-04735 (WJM)<br><br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court are Defendants' motions for summary judgment. ECF Nos. 90 & 97. Plaintiffs asks the Court to reopen discovery to conduct expert discovery and dismiss the pending summary judgment motions for refiling. ECF Nos. 107 & 109. For the reasons that follow, the Court **GRANTS** Plaintiffs' motion to permit the parties to conduct expert discovery on an expedited basis.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs' Complaint asserts causes of action in tort and contract against defendants, Eastern Distributors, 1, Inc. ("Eastern") and The Route Brokers ("Route Brokers"). ECF No. 1. In the Complaint, Plaintiffs pled that they purchased new beverage distribution routes from Eastern and that Defendant Rte. Brokers was their broker in the transaction. *Id.* at ¶¶ 14, 17. In the Sixth Count of the Complaint Plaintiffs allege that Rte. Brokers and Eastern owed them a legal duty "by the nature of their far superior position and knowledge, and Plaintiffs' reliance on the representations and actions of Defendants." Id. at 18-19. Plaintiffs further pled that "Defendants knew that the routes being offered to Plaintiffs were not financially viable and that by acquiring the routes Plaintiffs would suffer substantial losses, but the Defendants, . . . who were the ones who convinced Plaintiffs to acquire the routes, took no actions to prevent Plaintiffs from suffering the foreseeable harm." *Id.*

Following significant delays caused by Defendant Route Brokers' non-compliance with discovery requests and this Court's issuance of a show cause order, ECF No. 74, Kenneth Sussman, the owner of Route Brokers, and Christie Evens, the agent that sold the routes to Plaintiffs, were deposed on August 15, 2019 and September 23, 2019 respectively. Pls.' Discover Mot., Exs. I & J. At their depositions, both representatives of Route Brokers testified that Route Brokers did not perform any independent due diligence on the routes they sold their clients. Pls.' Ex. I, 46:11-53:4, 74:8-22, 75:4-76:10, 78:8-12 and 102:23-

103:7; Ex. J 31:4-36:14.  They testified that they relied solely on the information provided to them by Mr. Ed Marinacco of co-defendant, Eastern Distributors and that they did not perform any due diligence.  *Id.*  Plaintiffs contend that this testimony triggered the need for expert discovery on the issue of the duty of the Defendants to conduct due diligence on the routes they sold to Plaintiffs.  In a February 21, 2020 joint status letter, the Plaintiffs stated that they "have retained an expert who is prepared to issue a report within the next thirty days" and Defendant Eastern stated that "the retention at this late date of an expert witness by Plaintiffs open . . . a new round of discovery practice and potential greater expense for Eastern."  ECF No. 80.

      Per the Magistrate's instructions, Plaintiffs filed a memorandum in support of their request for expert discovery on March 18, 2020 and Eastern filed a cross-motion opposing expert discovery on March 19, 2020.  ECF Nos. 83 & 84.  On May 18, 2020, Consistent with the Court's Supplemental Scheduling Order, Eastern filed its motion for summary judgment, ECF No. 90, currently pending before the Court.  On May 29, 2020, during a video conference, the Court provided that "All counsel will . . . confer re: whether the pending discovery issues may be stayed and terminated without prejudice pending determination on the dispositive motions.  Counsel will file a joint letter by 6/19/2020. . . ."  ECF Nos. 93 & 94.  On June 27, 2020, Defendant Route Brokers filed a cross motion for summary judgment.  ECF No. 97.  Plaintiffs filed a response on July 2, 2020.  ECF No. 11.  Defendant Eastern filed a reply on July 9, 2020.  ECF No. 102.  The parties' joint letter of July 13, 2020, indicated their inability to reach an agreement as to their discovery dispute.  ECF No. 103.  Per the Court's Supplemental Briefing Schedule, Plaintiffs filed the discovery motion that is the subject of this opinion on October 14, 2020.  Defendant Eastern filed its response on October 28, 2020.

## II.    DISCUSSION

      Plaintiffs move to reopen discovery pursuant to Federal Rule of Civil Procedure 16(b)(4) to conduct expert discovery and further request that the pending motions for summary judgment be stayed or withdrawn without prejudice until completion of expert discovery.  Fed. R. Civ. P. 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent."  "Therefore, reopening discovery requires a showing of good cause."  *In re FBI Wind Down, Inc.*, 581 B.R. 387, 417 (Bankr. D. Del. 2018).  "To establish good cause under Rule 16, the party seeking the extension must show that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension."  *R. M. W. by Wolfe v. Homewood Suites by Hilton Mt. Laurel*, No. 2012 WL 13186031, at *5–6 (D.N.J. June 28, 2012) (internal citations omitted).  "Good cause may also be satisfied if the movant shows that the inability to comply with a scheduling order is 'due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'"  *Id.* at *5–6 (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).  "Courts have considered multiple factors when determining whether to grant motions to reopen . . . including (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced;

(4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that the discovery will lead to relevant evidence." *Smith v. United States,* 834 F.2d 166 (10th Cir.1987); *see also Vineberg v. Bissonnette,* 548 F.3d 50, 55 (1st Cir.2008); *Jeannite v. City of N.Y. Dept. of Buildings,* 09 Civ. 3464, 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010); *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.,* 05 Civ. 776, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008).

Plaintiff raises several factors, among many others, that it contends support reopening expert discovery: (1) the delay in taking the depositions of Defendant Route Broker's agents caused by Route Brokers; (2) Route Broker's failure to produce documents and information that it would have provided its expert; (3) since February 2020, Plaintiff engaged in a diligent effort to seek the reopening of discovery; (4) that no trial date has been set; (5) that its expert's testimony is essential to its negligence claims and that Plaintiff would be substantially prejudiced by the exclusion of expert testimony. Defendant Eastern argues that "Plaintiff has delayed the entire 40 months of litigation in hiring an expert and now tries to blame [Route Brokers] for the delay." Additionally, Eastern argues that Plaintiffs' claim that Defendant Route Brokers breached a due diligence duty is a new theory, untethered to the claims Plaintiff asserted in its complaint.

The Court finds that Plaintiffs' due diligence theory is subsumed by Count Six of their Complaint entitled "Plaintiffs' Claim for Negligence and Breach of Duty Against Defendants." ECF No. 1, 18. Plaintiffs allege that "Defendants, Eastern and Route Brokers owed a legal duty as well as a contractual duty to Plaintiffs by the nature of their far superior position and knowledge, and Plaintiff's reliance on the representation and actions of Defendants." *Id.* Additionally, due diligence is raised as an issue in the Route Brokers' motion for summary judgment. ECF No. 99. While it is unclear exactly how much delay Defendant Route Brokers is responsible for as a result of its discovery non-compliance, it is clear that at least some of its non-compliance is the cause of the slow pace at which this case has proceeded. Trial is not imminent and the due diligence theory at the heart of this dispute is central to Plaintiff's case.

### III. CONCLUSION

Consequently, the Court will **GRANT** Plaintiff's motion to reopen discovery to conduct expert discovery on an expedited basis. The pending summary judgment motions are **DENIED WITHOUT PREJUDICE** for refiling after the conclusion of expert discovery. The expert discovery schedule is set forth in the accompanying order.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**